UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV506 JCH |
| ) | |
| RESURGENT CAPITAL SERVICES, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Resurgent Capital Services, L.P.'s Motion for Judgment on the Pleadings[1], filed April 24, 2015. (ECF No. 10). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about February 23, 2015, Plaintiff John Murphy filed this action in the Circuit Court for the City of St. Louis, Missouri. In his Complaint, Plaintiff alleges that Defendant Resurgent Capital Services, L.P. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by filing proofs of claim in Plaintiff's bankruptcy proceeding on alleged debts that were time-barred by the applicable statute of limitations. Defendant removed Plaintiff's Complaint to this Court on March 23, 2015.

As noted above, Defendant filed the instant Motion for Judgment on the Pleadings on April 24, 2015, asserting Plaintiff's claims fail as a matter of law because filing a proof of claim in a bankruptcy proceeding cannot be the basis of an FDCPA violation.

---

1 Plaintiff's pleading is tilted a "Petition" because it originally was filed in state court. As the parties refer to the pleading as a "Complaint," the Court will do so as well for consistency.

## STANDARD FOR MOTION TO DISMISS[2]

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

Plaintiff alleges that Defendant, through filing proofs of claim on stale debts in Plaintiff's bankruptcy proceeding, violated various provisions of the FDCPA. Specifically, Plaintiff alleges that Defendant violated: (1) Section 1692d-f, by threatening action Defendant had no authority or intention of taking, including misrepresenting that it possessed a legal right to enforce payment on Plaintiff's alleged debts; (2) Section 1692(e), by falsely representing the legal status of debts; (3)

---

2 Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings. Pursuant to Eighth Circuit law, in considering the motion the Court employs the same standard as that used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Section 1692e-f, by filing proofs of claim on alleged debts when the last alleged payments on the debts were older than the applicable statute of limitations; (4) Section 1692e, by using false, deceptive, and misleading tactics to collect the debts; and (5) Section 1692d-f, by engaging in harassing, abusive, unfair, and unconscionable conduct in the collection of debts. Plaintiff relies primarily on *Crawford v. LVNV Funding, LLC*, an Eleventh Circuit case which held that "[the defendant's] filing of a time-barred proof of claim against [the plaintiff] in bankruptcy was 'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of" the FDCPA." 758 F.3d 1254, 1261 (11th Cir. 2014), *cert. denied*, 135 S.Ct. 1844 (2015). Several district and bankruptcy courts have followed *Crawford*. *See, e.g.*, *Reed v. LVNV Funding, LLC*, 2015 WL 1510375, at *6 (N.D. Ill. Mar. 27, 2015); *Patrick v. Quantum3 Group, LLC*, 2015 WL 627216 (S.D. Ind. Feb. 13, 2015); *In re Seak*, 2015 WL 631578 (Bankr. M.D. Fla. Jan. 22, 2015).

In moving for judgment, Defendant argues that an FDCPA claim cannot be predicated on a creditor's filing of a proof of claim, and therefore filing a proof of claim subject to a limitations defense does not violate the FDCPA. As support for its position, Defendant cites to *In re Humes*, 496 B.R. 557, 581 (Bankr. E.D. Ark. 2013), *In re Dunaway*, 531 B.R. 267, 272-74 (Bankr. W.D. Mo. 2015), and *In re Gatewood (Gatewood v. CP Medical, LLC)*, No. 5:14-ap-7068, Doc. 28 at 10 (Bankr. W.D. Ark. Feb. 6, 2015)).

In addition to the above-cited cases from bankruptcy district courts within the Eighth Circuit, Defendant relies upon a case from the District of Minnesota, which also held that "an FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceedings." *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434, 437 (D. Minn. 2008) (internal quotations and citations omitted). The Court notes that many district court cases from other circuits have come to the same or similar conclusions. *See, e.g.*, *Birtchman v. LVNV Funding, LLC*, 2015 WL 1825970 (S.D. Ind. Apr. 22, 2015); *Owens v. LVNV Funding, LLC*, 2015 WL 1826005 (S.D. Ind. Apr. 21, 2015); *Torres

*v. Asset Acceptance, LLC*, 2015 WL 1529297 (E.D. Pa. Apr. 7, 2015); *Johnson v. Midland Funding, LLC*, 528 B.R. 462 (S.D. Ala. 2015); *In re LaGrone*, 525 B.R. 419 (Bankr. N.D. Ill. 2015). The court in *In re Broadrick* recently explained its view that:

> The FDCPA should not be implicated with regard to stale debts when a creditor merely (a) files an accurate proof of claim in a bankruptcy case, (b) when the proof of claim includes all the required information including the timing of the debt, (c) the applicable statute of limitations is one that does not extinguish the right to collect the debt but merely limits the remedies, and (d) no legal impediment to collection or factual circumstances exist that would invoke the FDCPA other than merely the applicability of a statute of limitations.

*In re Broadrick*, 532 B.R. 60, 75 (Bankr. M.D. Tenn. 2015). The *Broadrick* court made clear that it was not adopting a sweeping view that the FDCPA may never be applicable to actions taken in bankruptcy proceedings. *Id.* at 74–75.

Last month, the United States Bankruptcy Appellate Panel for the Eighth Circuit ("BAP") found "compelling" the *Broadrick* court's reasoning. *See In re Gatewood*, 533 B.R. 905, 909 (B.A.P. 8th Cir. 2015). *See also Ward v. Midland Credit Management, Inc.*, 2015 WL 4876221 (E.D. Mo. Aug. 14, 2015).

Given the imbalance in the case law, with the scales tipped in favor of Defendant's position, as well as the holding of this Circuit's BAP in *Gatewood*[3], and the vast differences between lawsuits filed against individuals to collect on debts versus proofs of claims filed in bankruptcy cases[4], this Court will adopt and apply the *Broadrick* analysis.

---

3 The BAP's holding is persuasive, though not binding on this Court. *In re Watkins*, 461 B.R. 57, 60 n.2 (W.D. Mo. 2011) (citing *In re Pepmeyer*, 273 B.R. 782, 785 (N.D. Iowa 2002); *In re Williams*, 257 B.R. 297, 301 n. 5 (Bankr. W.D. Mo. 2001)).

4 One court explained these differences thusly:
> First, in collection lawsuits, the debtors themselves must assert the statute of limitations in an answer. Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to examine proofs of claims and object to the allowance of any claim that is improper….
> Second, a debtor in bankruptcy has much less at stake in the allowance of a proof of claim than a defendant facing the prospect of an adverse judgment in a collection lawsuit. A proof of claim does not result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors….[Thus, often] the debtor will pay the same total amount to creditors, regardless of whether particular proofs of claim are disallowed….

Here, the parties do not dispute the following: Defendant filed accurate proofs of claim in Plaintiff's bankruptcy proceeding; the proofs of claim included all of the required information including the timing of the debts; the applicable statute of limitations is one that does not extinguish the right to collect the debts but merely limits the remedies[5]; and no legal impediment to collection or factual circumstances exist that would invoke the FDCPA other than merely the applicability of the statute of limitations. *Broadrick*, 532 B.R. at 75. The Court therefore finds that the FDCPA should not be implicated and will grant Defendant's motion, and dismiss this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 10) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. An appropriate Judgment will accompany this Memorandum and Order.

Dated this __1st__ Day of September, 2015.

                 \s\ Jean C. Hamilton
                 UNITED STATES DISTRICT JUDGE

---

  Third, in a collection lawsuit a consumer debtor would have to retain and likely pay for the services of a lawyer. Debtors in bankruptcy, by contrast, are likely from the outset of the case to be represented by an attorney who can both advise them about the existence of a statute of limitations defense and file an objection if the trustee does not….
  Finally, even if the trustee fails to file a claim objection based on the statute of limitations, even if filing a claim objection would have a significant benefit for the debtor, and even if the debtor did not have legal assistance, it would be easier—and less embarrassing—for the individual debtor to file a claim objection pro se than to deal with an untimely collection lawsuit.

*LaGrone*, 525 B.R. at 426–27 (internal quotations and citations omitted).

5 In Missouri, "statutes of limitations 'merely suspend the remedy without extinguishing the right.'" *Discovery Group LLC v. Chapel Development, LLC*, 574 F.3d 986, 990 (8th Cir. 2009) (quoting *Rincon v. Rincon*, 571 S.W. 2d 475, 476 (Mo. Ct. App. 1978)).